UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

KELLY ROYCE KEY, *pro se*,

        Debtor.

_____/

Case No. 24-43986

Chapter 7

Judge Thomas J. Tucker

**ORDER DENYING THE DEBTOR'S MOTION FOR WAIVER OF
CREDIT COUNSELING REQUIREMENT,
AND DISMISSING CASE**

On April 22, 2024, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case (Docket # 1), and the Debtor also filed, among other documents, a document entitled "Motion Requesting Waiver of Credit Counseling Requirement" (Docket # 8, the "Motion"). On April 25, 2024, the Debtor filed a document entitled "Corrected Motion Requesting Waiver of Credit Counseling Requirement" (Docket # 16, the "Corrected Motion"), which amended and superceded the Motion. The Corrected Motion seeks a waiver of the credit counseling requirement, on the basis that the Debtor is "below the poverty level." On April 26, 2024, the Debtor filed a "Certificate of Counseling" (Docket # 18), which states that on April 25, 2024, the Debtor received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111."

The Court concludes that a hearing on the Corrected Motion is not necessary, and that motion must be denied, and this case must be dismissed, for the following reasons.

First, this case must be dismissed because the Debtor is not eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). With exceptions that are not applicable in this case, that provision requires that a debtor obtain a credit counseling briefing *before or on the date of* filing

a bankruptcy petition. It provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, ***during the 180-day period ending on the date of filing the petition*** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(emphasis added). The Debtor only received a credit counseling briefing three days *after* filing the bankruptcy petition.

Second, the Corrected Motion must be denied, for the following reasons.

11 U.S.C. §§ 109(h)(3) and 109(h)(4) provide the only exceptions to § 109(h)(1)'s requirement of obtaining a credit counseling briefing before or on the date of filing the bankruptcy petition. But neither exception applies in this case.

When 11 U.S.C. § 109(h)(3) applies, it permits a debtor to obtain the required credit counseling briefing up to 30 days after filing the petition, and for cause shown, up to 45 days after filing the petition. *See* 11 U.S.C. § 109(h)(3)(B). Section 109(h)(3)(A) provides:

> (3) (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and

2

          (iii) is satisfactory to the court.

In this case, the Debtor failed to comply with any of the requirements of § 109(h)(3)(A).

The Corrected Motion does not state "that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . (1) during the 7-day period beginning on the date on which the debtor made that request" as required by § 109(h)(3)(A)(ii). For this reason alone, § 109(h)(3) does not apply, and the Corrected Motion must be denied.

In addition, the Corrected Motion states, as the only alleged exigent circumstance, the fact that the Debtor is below the poverty level. But this circumstance does not merit a waiver of the credit counseling requirement, nor is this excuse satisfactory to the Court, as required by §§ 109(h)(3)(A)(i) and 109(h)(3)(A)(iii).

It is possible for a bankruptcy debtor to obtain credit counseling for free or for a reduced charge, if the Debtor is financially eligible. *See* the attached excerpt from the United States Trustee web site, which appears under "Frequently Asked Questions (FAQs) - Credit Counseling," at https://www.justice.gov/ust/frequently-asked-questions-faqs-credit-counseling.

And the fact that just three days after her bankruptcy filing, the Debtor was able to obtain credit counseling, shows that the Debtor could have obtained such counseling on or before the date on which she filed her Chapter 7 petition, as required by § 109(h)(1).

11 U.S.C. § 109(h)(4) provides the only other limited exception to § 109(h)(1)'s requirement of obtaining a credit counseling briefing on or before the date of filing the bankruptcy petition. It provides:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The Debtor's Corrected Motion does not demonstrate any of the grounds for relief under § 109(h)(4); no "disability" or "incapacity" is alleged or shown, as those words are defined in this statute.

For the foregoing reasons, the Court must deny the Debtor's Corrected Motion. But the Court notes that neither this Order nor the dismissal of this case will preclude the Debtor from filing a new bankruptcy case. Now that the Debtor has obtained credit counseling, on April 25, 2024, if the Debtor files a new bankruptcy case, she can file the same certificate that she filed in this case in the new case. The Debtor will not need to obtain a new credit counseling briefing or a new certificate, if she files a new bankruptcy case within 180 days after April 25, 2024.

Accordingly,

IT IS ORDERED that:

1. The Corrected Motion (Docket # 16) is denied.
2. This bankruptcy case is dismissed.

**Signed on April 29, 2024**  **/s/ Thomas J. Tucker**

**Thomas J. Tucker
United States Bankruptcy Judge**

**Can I complete my debtor education and credit counseling requirements in the same session?**

**Do individuals need separate counseling sessions if they will file a joint bankruptcy petition?**

**If my credit counseling agency does not offer debt management plans, may I still enter into one?**

## 4. Paying for Counseling

**May someone other than the client (such as the client's attorney) pay for credit counseling?**

**May a credit counseling agency charge a separate fee for issuing the credit counseling certificate?**

**What if I cannot afford to pay for credit counseling?**

Credit counseling services are available for free or at a reduced rate, based on a client's ability to pay.

Fee waiver policies vary by agency. At a minimum, however, a client whose household income is less than 150 percent of the poverty level is presumptively entitled to a fee waiver or fee reduction.

The poverty level is defined by the [poverty guidelines](#) updated periodically in the Federal Register by the U.S. Department of Health and Human Services.